## No. 863.

### STATE OF LOUISIANA *v.* SOSTHENE HERPIN.

Where the appearance bond by the defendant in a criminal prosecution was taken and approved by the parish judge before whom the preliminary examination was had, the fact that there is no order committing the defendant for trial before the district court, nor any order admitting him to bail, nor fixing the amount of the bail, can not avail in assignment of error.

Where it is manifest in the record that the word August is written by mistake for July, it is a mere clerical error which is controlled by the context and accompanying documents.

While the court was in session, the fact that the petit jury and witnesses in criminal matters were discharged for two or three days at a time, on different occasions during the said term, did not release the defendant from the obligation of his appearance bond.

APPEAL from the Sixteenth Judicial District Court, parish of Vermilion. *Mouton,* J. Criminal case. *J. A. Chargois,* district attorney, for the State, appellee. *M. E. Girard,* for defendant and appellant.

HOWELL, J. This is an appeal from a judgment on an appearance bond given by the defendant in a criminal prosecution.

*First*—The first assignment of error is that there is no order committing the defendant for trial before the district court, no order admitting him to bail nor fixing the amount of the bail.

The bond is taken and approved by the parish judge, before whom, it seems, the preliminary examination was had, and hence the alleged omissions or defects do not avail.

*Second*—The information charges the defendant with an offense committed on the thirty-first day of August, 1869, while the bond was given on the seventh of said month, and such bond could not be forfeited for an offense committed after the date of the bond.

It is manifest in the record that the word August is written by mistake for July, and is a mere clerical error which is controlled by the context and accompanying documents.

*Third*—There was no court held during the term at which the bond was forfeited, and it was physically impossible for defendant to ask or obtain a trial at that time.

This is an error. The record shows that the court was in session, and the fact that the petit jury and witnesses in criminal matters were discharged for two or three days at a time, on different occasions dur-

ing the said term, did not release the defendant from the obligation of his bond.

*Fourth*—When the judgment was signed the case had been placed and was on the dead docket, and any action therein taken while on the said docket is an absolute nullity.

The record shows that the bond was forfeited, and the judgment entered against the defendant and his sureties, *in solido,* before the order to place the case in the dead docket, and it could not have been taken therefrom to have the judgment drawn up and signed.

We find nothing in the record to authorize a change in the judgment against the appellants.

Judgment affirmed.